IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:00-CR-15-2H
No. 4:14-CV-6-H

HERMAN MANDELL BROWN          )
                             )
        Petitioner,          )
                             )
                             )
    v.                       )          **ORDER**
                             )
                             )
UNITED STATES OF AMERICA,     )
                             )
        Respondent.          )
                             )

This matter is before the court on the government's motion
to dismiss petitioner's motion to vacate pursuant to 28 U.S.C.
§ 2255. Petitioner has not responded, and the time for doing so
has expired. This matter is ripe for adjudication.

## BACKGROUND

On June 12, 2000, petitioner pled guilty, pursuant to a
written plea agreement, to one count of armed robbery of a post
office, in violation of 18 U.S.C. § 2114(a) (Count Two) and use
of and brandishing a firearm to commit a crime of violence, in
violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). In the
plea agreement, petitioner agreed to waive any right to
challenge his conviction or sentence in a post-conviction
proceeding, including one pursuant to section 2255, except for

claims of prosecutorial misconduct or ineffective assistance of counsel not known to petitioner at the time of his plea. On September 18, 2000, this court sentenced petitioner to a term of imprisonment of 57 months on Count Two and 84 months on Count Three to run consecutively. Judgment was entered on October 2, 2000. Petitioner did not file an appeal.

On January 10, 2014, petitioner filed the instant motion to vacate, alleging three claims. First, petitioner argues that based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Miller v. United States, 735 F.3d 141, 146-47 (4th Cir. 2013), that the court erred in calculating his sentencing guideline range. Second, petitioner claims that his sentence was improperly "enhanced" because he merely pleaded guilty to aiding and abetting the two offenses in question. Finally, petitioner argues that the decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), requires the court to resentence him.

### COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

As petitioner's judgment became final in 2000, petitioner's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1). There are no facts or circumstances in this case which qualify petitioner under one of the other subsections of § 2255(f) or which justify equitable tolling. Furthermore, the Supreme Court's decision in Alleyne has no impact on petitioner's case, and the Fourth Circuit's decisions in Simmons and Miller also have no impact on petitioner's case. Therefore, even if petitioner's motion were timely, his claims are both meritless and barred by the plea waiver.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED. Petitioner's motion is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 29ᵗʰ day of July 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4